IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARIO STAMPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv478-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate Tario Stamps' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. # 1.[1]

### I. INTRODUCTION

On August 9, 2005, a jury found Stamps guilty of committing the following nine crimes: three counts of aiding and abetting armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Counts 1, 3, and 7); one count of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 5); four counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2, 4, 6, and 8); and one count of retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(2) (Count 9). The three armed bank robberies and the Hobbs Act robbery served as the predicate "crimes of violence" for Stamps' four § 924(c) convictions. *See* Doc. # 12-1 at 2-5.

---

[1] References to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

After a sentencing hearing on November 1, 2005, the district court sentenced Stamps to a total of 96 years' (1,152 months) imprisonment. *See* Doc. # 12-4 at 4. Stamps' term of imprisonment included the consecutive minimum seven-year (84 month) term of imprisonment on the first § 924(c)(1)(A)(ii) conviction, in which the jury found that a firearm was brandished, and consecutive 25-year (300 month) sentences on the three remaining § 924(c) convictions. *See* 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(C).

Stamps appealed, and on November 28, 2006, the Eleventh Circuit affirmed his convictions and sentence. *United States v. Stamps*, 201 F. App'x 759 (11th Cir. 2006).

Over nine years later, on June 14, 2016, Stamps filed this § 2255 motion arguing that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his armed bank robbery and Hobbs Act robbery convictions cannot qualify as predicate "crimes of violence" for his § 924(c) convictions, and therefore his convictions and sentence under § 924(c) are invalid. *See* Docs. # 1 & 2.

For the reasons that follow, the court finds that Stamps' § 2255 motion should be denied and this case dismissed with prejudice.

## II.  DISCUSSION

Title 18 § 924(c), United States Code, provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such crimes, shall, in addition to the punishment

2

provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment.[2]

> For purposes of § 924(c), a "crime of violence" is defined as a felony offense that:
>
> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   … by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the "use-of-force clause," and subsection (B) is referred to as the "§ 924(c)(3)(B) residual clause." *See In re Saint Fleur,* 824 F.3d 1337, 1339 (11th Cir. 2016).

A separate but similar sentencing provision, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[3] defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[2] And if, as here, the firearm is brandished during the crime, the consecutive sentence shall be "not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(ii). Further, if, as here, there is a second or subsequent conviction under § 924(c), each consecutive sentence shall be "not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i).

[3] Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) (by possessing a firearm as a convicted felon) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1).

3

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition, § 924(e)(2)(B)(i), is known as the "elements clause."  *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016).  The second prong, § 924(e)(2)(B)(ii), is split into two clauses.  The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause."  *Id.*

In *Johnson v. United States*, decided on June 26, 2015, the United States Supreme Court held that the residual clause of the ACCA is unconstitutionally vague.  *See* 135 S.Ct. at 2557–59, 2563.  Based on that holding, the Court concluded that "imposing an increased [ACCA] sentence under the residual clause . . . violates the Constitution's guarantee of due process."  *Id*. at 2563.  The Court also stated, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."  *Id*. at 2563.

In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016).  In the wake of *Johnson* and *Welch*, inmates sentenced as armed career criminals based on prior convictions deemed "violent felonies" under the ACCA's residual clause could challenge their ACCA sentences through § 2255 motions.

*Johnson* did not address the definition of a crime of violence found in 18 U.S.C. § 924(c). However, Stamps argues that the holding in *Johnson* applies to § 924(c); that *Johnson* invalidates the "924(c)(3)(B) residual clause" (whose language is similar to that of the ACCA's unconstitutionally vague residual clause); and that neither 18 U.S.C. § 2113(d) armed bank robbery nor Hobbs Act robbery meets the definition of a crime of

4

violence under the "use-of-force clause" in § 924(c)(3)(A). Thus he argues that his § 924(c) convictions, which relied on his armed bank robberies and Hobbs Act robbery as the predicate "crimes of violence," cannot stand.

Whether the holding in *Johnson* extends to the residual clause in § 924(c)(3)(B) is currently an open question in the Eleventh Circuit. Until recently, that question seemed to be settled by *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), where the Eleventh Circuit held that *Johnson* did not apply to § 924(c) and concluded expressly that "*Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause [i.e., the residual clause] in § 924(c)(3)(B)." 861 F.3d at 1265. On May 15, 2018, however, the Eleventh Circuit vacated its panel opinion in *Ovalles* and ordered that the case be reheard en banc. *Ovalles v. United States*, 889 F.3d 1259 (11th Cir. 2018); *see* Eleventh Circuit General Order No. 43, May 17, 2018.

That said, the Eleventh Circuit has stated: "Even assuming that *Johnson* invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based . . . [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense." *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). The Eleventh Circuit has held that 18 U.S.C. § 2113(d) armed bank robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *Sams*, 830 F.3d at 1239. The Eleventh Circuit has also held that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *Saint Fleur*, 824 F.3d at 1340–41. The Eleventh Circuit has further held that where the companion substantive conviction qualifies as a

5

crime of violence under the use-of-force clause in § 924(c)(3)(A), a conviction for aiding and abetting the companion substantive conviction equally qualifies as a crime of violence under the use-of-force clause. *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding aiding and abetting Hobbs Act robbery was crime of violence under 924(c)(3)(A)'s use-of-force clause clause because companion substantive conviction for Hobbs Act robbery was a crime of violence under the use-of-force clause).

Because binding Eleventh Circuit precedent establishes that § 2113(d) armed bank robbery and Hobbs Act robbery are categorically crimes of violence under § 924(c)(3)(A)'s use-of-force clause—and because a conviction for aiding and abetting the companion substantive conviction equally qualifies as a crime of violence under the use-of-force clause—Stamps' convictions and sentences under § 924(c) are still valid following *Johnson*, and Stamps' instant claim is foreclosed. And because Stamps' *Johnson* claim lacks merit, there is no need for the court to address the government's other arguments.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and his case DISMISSED WITH PREJUDICE.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **August 3, 2018.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28

6

U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

  DONE this 20th day of July, 2018.


         /s/ Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE